# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re PATRICK JOSEPH SORIA,<br><br>   Debtor. | CV 18-4749 DSF<br>CV 18-3041 DSF<br>Order Annulling Automatic Stay With Respect to Receivership Action |

  In certain circumstances, a court has the discretion to annul – *i.e.*, retroactively grant relief from – the automatic stay under 11 U.S.C. § 362. 11 U.S.C. § 362(d)(1); <u>In re Nat'l Environ. Waste Corp.</u>, 129 F.3d 1052, 1054-55 (9th Cir. 1997). Whether to grant retroactive relief from the automatic stay is determined on a case-by-case basis through a balance of the relevant equities. 129 F.3d at 1055.

  Nationstar Mortgage LLC has moved, ex parte, for a clarification that the automatic stay does not apply to the case in which the receiver over Debtor's assets was appointed, <u>Nationstar Mortgage LLC v. Patrick Joseph Soria</u>, CV 18-3041 DSF (RAOx) (C.D. Cal.) ("Receivership Action"). Given that the order in question did not directly lift the automatic stay, the Court construes the motion as one for retroactive lifting of the stay.

  Nationstar argues that the Court's order suspending this bankruptcy implicitly recognized that the automatic stay did not

apply to the Receivership Action because the Court was clearly suspending the bankruptcy in favor of allowing the receivership to proceed. Nationstar may or may not be correct regarding what can be reasonably inferred from the order suspending the bankruptcy. In any event, the equities favor retroactive lifting of the stay with respect to the Receivership Action. In this unusual situation, this Court has found it superior to proceed through the prepetition receivership and not through bankruptcy. This necessarily requires the automatic stay to be lifted with regard to the case where the receiver is appointed, where Debtor's ultimate liability for his alleged acts will be resolved, and where, if applicable, receivership property will be distributed to claimants.

There are no competing equities. As far as the Court is aware, Debtor has only recently claimed that the automatic stay prevented Nationstar from entering default against him in the Receivership Action. Prior to that, neither Debtor nor anyone else expressed any understanding that the proceedings in the receivership action were subject to the automatic stay. This late claim of protection by the Debtor suggests a certain level of opportunism rather than any legitimate belief that the automatic stay was, or should have been, in effect.[1]

The automatic stay is lifted with respect to <u>Nationstar Mortgage LLC v. Patrick Joseph Soria</u>, CV 18-3041 DSF (RAOx) (C.D. Cal.), effective May 22, 2018, the date that the reference was withdrawn from the bankruptcy court.

---

[1] These observations are not dispositive on the question of whether Debtor's default should be lifted in the receivership action. That issue will be addressed in a separate order.

IT IS SO ORDERED.

Date: 8/10/18

_____
Dale S. Fischer
United States District Judge

3