Philip A. Toomey (Bar No. 89598)
  ptoomey@leechtishman.com
Eric J. Wu (Bar No. 270228)
  ewu@leechtishman.com
**LEECH TISHMAN FUSCALDO & LAMPL**
841 Apollo Street, Suite 325
El Segundo, CA 90245
Telephone:  424.738.4400
Facsimile:   424.738.5080

Attorneys for Defendant, Patrick Joseph Soria

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK JOSEPH SORIA, an individual; et al.<br><br>Defendants. | CASE NO. 2:18-cv-03041-DSF (RAOx)<br><br>JUDGE:  Hon. Dale S. Fischer<br>CTRM.:   7D<br><br>**STIPULATION AND PROTECTIVE ORDER RE: PRIVILEGED INFORMATION AND MATERIAL ON SORIA CELL PHONE AND AT WELLWORTH PROPERTY**<br><br>ACTION FILED:   April 11, 2018<br><br>TRIAL DATE:     None Set |

///
///
///
///

**IT IS HEREBY STIPULATED** by and between the parties to this Action Plaintiff, Nationstar Mortgage LLC ("Nationstar"), Permanent Receiver, Robb Evans & Associates LLC (the "Receiver"), and Defendant, Patrick Joseph Soria ("Soria") (collectively, the "Parties"), by and through their respective counsel of record, that in order to facilitate the exchange of information and documents located on Soria's cell phone (produced to the Permanent Receiver in September of 2018) and/or located at 10809 Wellworth Avenue, Los Angeles, California 90024 (the "Wellworth Property") which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, privacy rights, and/or privilege the Parties stipulate as follows:

1. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

    a. "Proceeding" means the above-entitled proceeding (Case No. 2:18-cv-03041 DSF (RAOx).

    b. "Court" means the Hon. Dale S. Fischer or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

    c. "Designating Party" means the Party that designates Documents, Testimony, or Information, as defined below, as "Privileged."

    d. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Documents, or any part thereof, or any information contained therein.

    e. "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by California Evidence Code Sections 250, 255, and 260, which have been produced in this Proceeding by any person or entity, and (ii) any copies, reproductions, or summaries of all or any part of the

foregoing located on Soria's cell phone and/or located at the Wellworth Property, as set forth above, production of which has been compelled by the Court

   f. "Information" means the content of Documents.

   g. "Privileged" means any Document protected by attorney-client privilege, work product privilege, and/or the privilege against self-incrimination, and/or any other applicable privilege.

 2. With respect to information and documents that may be located at the Wellworth Property, the Parties agree as follows:

   a. The Receiver is authorized by the Court to take custody, control, and possession of all assets, documents, and data located at the Wellworth Property which it believes in good faith to be under the control of either Patrick Soria or the Receivership Defendants.

   b. Upon visiting the Wellworth Property, and prior to the Receiver's taking possession of any assets, documents, and data it deems appropriate, Leech Tishman Fuscaldo & Lampl, Inc. ("Leech Tishman"), Soria's counsel of record, shall prepare an inventory of all assets, documents, and data to be seized by the Receiver. A copy of the inventory shall be provided to the Receiver.

   c. Leech Tishman shall receive a copy of all documents and data seized by the Receiver. Leech Tishman is responsible for all costs related to copying any seized documents and data.

   d. The Receiver agrees it will not begin review of seized documents and data until either: (a) Soria's counsel agrees; or (b) the Court orders/allows such review. Leech Tishman shall inform the Receiver of any privileged documents or data that the Receiver should not review. In any event, the Receiver may begin review of non-privileged documents and data beginning two

weeks after the Parties visit the Wellworth Property and the Receiver takes possession of any assets, documents, and data, unless otherwise ordered by the Court.

3. The Designating Party shall have the right to designate as "Privileged" any Documents or Information that the Designating Party in good faith believes to be Privileged. Such Privileged Documents or Information will be withheld from all other Parties, including Nationstar and the Receiver. If Privileged Documents or Information that were obtained from either Soria's cell phone or the Wellworth Property are currently in possession of Nationstar and the Receiver as of the date this Order is executed, such Documents or Information will be deemed to have been produced inadvertently and Paragraph 3 will apply.

4. The inadvertent production of any "Privileged" information by any of the undersigned Parties or non-Parties to the Proceedings of any Document in this Proceeding shall be without prejudice to any claim that such item is "Privileged" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document that is subject to a "Privileged" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, and describe the basis for the "Privileged" designation. Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document shall promptly destroy the inadvertently produced Document and all copies thereof, or, if demanded by the producing party, at the expense of the producing Party, return the original and all copies of such Document, to counsel for the producing Party. Should the receiving Party choose to destroy such inadvertently produced "Privileged" Document, the receiving Party shall notify

the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is intended to apply to any inadvertent production of any Document which is Privileged. In the event that this provision conflicts with any applicable law regarding waiver of privilege through the inadvertent production of Documents, such law shall govern.

5. In the event that counsel for a Party receiving Documents designated as "Privileged" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Privileged" designation. In the event that the Designation Objections are neither agreed to nor timely addressed in a Designation Motion, then such Documents shall be de-designated in accordance with the Designation Objections applicable to such material.

6. Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

7. If any person subject to this Stipulation and Protective Order who has custody of any Privileged Documents receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Privileged Documents, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Privileged Documents, and/or seek to obtain privileged treatment of such Privileged Documents from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, pursuant to the Subpoena prior to the date specified for production on the Subpoena. Nothing in this paragraph shall apply to any subpoena or process or other request for documentation wherein notification to the Designating Party would violate any law, regulation, order or would otherwise violate any governmental entity's requirement for confidentiality and/or non-disclosure of or in their investigation/proceedings, or would disregard any governmental entity's request for confidentiality and/or non-disclosure of or in their investigation/proceedings.

8. Nothing in this Stipulation and Protective Order shall be construed to preclude any Party from asserting in good faith that certain Privileged Documents require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

9. If, after execution of this Stipulation and Protective Order, any Privileged Documents submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any

person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Privileged Documents to the immediate attention of the Designating Party. Nothing in this paragraph shall apply to any disclosure wherein notification to the Designating Party would violate any law, regulation, order or would otherwise violate any governmental entity's requirement for confidentiality and/or non-disclosure of or in their investigation/proceedings, or would disregard any governmental entity's request for confidentiality and/or non-disclosure of or in their investigation/proceedings.

10. This Stipulation and Protective Order is entered into without prejudice to the right of any Party to waive the applicability of this Stipulation and Protective Order to any Privileged Documents or Information designated by that Party. If the Designating Party uses Privileged Documents or Information in a non-privileged or non-confidential manner, then the Designating Party shall advise that the designation no longer applies.

11. Unless otherwise stated in this Stipulation and Protective Order, or otherwise permitted or ordered by the Court, Privileged Documents or Information cannot be used by any Party (except for the Designating Party) for any purpose, whether related to this Proceeding or otherwise.

12. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

13. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding (for purposes of this Section 13, "termination of the Proceeding" shall mean resolution of this matter by settlement, dismissal or judgment (after appeal, in the event any party wishes to appeal such dismissal or judgment), regardless of whether the Receivership is still in place), the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Privileged Documents or Information and all copies thereof, (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Privileged Documents, or (c) as to any Documents or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. Notwithstanding anything to the contrary herein, the Receiver's obligations under this paragraph shall terminate for all purposes thirty (30) days after entry of an order discharging the Receiver. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

14. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Privileged Documents that have been produced before the Court signs this Stipulation and Protective Order.

15. The Parties and all signatories agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a

different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Privileged Documents under the terms herein.

16. This Stipulation and Protective Order may be executed in counterparts.

**STIPULATED AND AGREED:**

DATED: October 26, 2018      HALL GRIFFIN LLP

By: /s/ Jered T. Ede
Howard D. Hall
Jered T. Ede
Timothy A. Burnett
Jane M. Kutepova
Cheyenne S. Schneider
Attorneys for Plaintiff
NATIONSTAR MORTGAGE LLC

DATED: October 26, 2018      BARNES & THORNBURG LLP

By: /s/ Gary Owen Caris
Gary Owen Caris
Attorneys for Permanent Receiver
ROBB EVANS & ASSOCIATES LLC

DATED:  October 26, 2018          LEECH TISMAN FUSCALDO & LAMPL, INC.


By:   /s/ Eric J. Wu
　　　Philip A. Toomey
　　　Eric J. Wu
　　Attorneys for Defendant
　　PATRICK JOSEPH SORIA


I, Eric J. Wu, hereby attest that all other signatories to this Stipulation, and on whose behalf it is submitted, concur in its content and have authorized its filing. I make this attestation pursuant to Local Rule 5-4.3.4.

Dated: October 26, 2018                   /s/ Eric J. Wu
　　　　　　　　　　　　　　　　　　　　　　Eric J. Wu