# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC<br><br>  Plaintiff,<br><br>  vs.<br><br>PATRICK JOSEPH SORIA, an individual; *et al*,<br><br>  Defendants. | CASE NO. 2:18-cv-03041 DSF (RAOx)<br><br>JUDGE:  Hon. Dale S. Fischer<br>CTRM.:  7D<br><br>**REVISED STIPULATED JUDGMENT**<br><br>ACTION FILED: April 11, 2018<br>TRIAL DATE:   None Set |

Plaintiff NATIONSTAR MORTGAGE LLC ("Nationstar" or the "Plaintiff") commenced this civil action on April 11, 2018, against Defendants PATRICK JOSEPH SORIA ("Soria"); WEST H&A, LLC; WARRANTED EFFECTUATION OF SUBSTITUTE TRANSFEREE INC., AKA W.E.S.T Inc.; WESTWOOD LEGAL; WESTWARD LEGAL; BRIGHTON LEGAL GROUP, PC; BLG PC NATIONAL BY BRIGHTON LEGAL GROUP, INC.; DEUTSCHE MELLON NATIONAL ASSET, LLC; CHRISTIANA WILMINGTON GLOBAL ASSET CORP; HBSC US IN ITS CAPACITY AS LEGAL TITLE HOLDER INCORPORATED; CAMDEN LEGAL GROUP, PC (collectively the

"Receivership Defendants") (the Receivership Defendants and Soria are herein collectively referred to as the "Defendants"), among others.

Plaintiff's Complaint seeks damages and to have this Court find the numerous instruments recorded by Defendants against various properties and loans throughout the country as void and cancelled *ab initio*, of no legal effect, and to be ordered stricken from the public record. Plaintiff's Complaint further seeks a permanent injunction against the Defendants to prevent such further fraudulent recordings.

The Receivership Defendants, having been served but failing to file a responsive pleading, have all properly been defaulted (Dkts. 76 - 76-3, 76-5, 76-7 - 76-11, 82, and 87 - 89). This Court previously appointed a Permanent Receiver over the Receivership Defendants (and Soria's Assets) via the Preliminary Injunction and Receivership Order (Dkt. 46).

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

A. "Assets" means any legal, equitable, or beneficial interest in, right to, or claim to any real or personal property, including, without limitation, funds, vehicles, boats, certificates of title, accounts with any Financial Institution, chattels, choses in action, chattel paper, claims, causes of action against other persons or entities, goods, instruments, equipment, fixtures, general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, contracts, receivables, shares of stock, membership interests in any limited liability company, partnership interests, inheritances, options, contractual rights, interests in any trust, art, collectibles, furnishings, jewelry, personal effects, and all cash or money, wherever located.

B. "Defendants" means the Individual Defendants and the Receivership Defendants.

C. "Documents" include, but are not limited to, books, records, accounts, writings, drawings, graphs, charts, photographs, audio and video recordings,

computer records, computer files, databases and other data compilations, electronically stored records, or any other records of any kind or nature.

  D. "Financial Institution" means any bank, savings and loan association, credit union, finance company, credit card issuing company, commercial lending company, credit card processing agent, agent providing electronic funds transfer services and/or automated clearing house processing, payroll processing company, insurance company, trust company, brokerage house, institutional trustee, broker-dealer, escrow agent, title company, money market or mutual fund, title company, commodity futures merchant, commodity trading company, precious metals dealer, or depository of any kind, located or doing business in the United States or abroad.

  E. "Individual Defendants" means Defendants PATRICK JOSEPH SORIA ("Soria"); TAMYRA WHITE (a.k.a. TAMMY WHITE) ("White"); GEORGE WESLEY JR. PIERCE ("Pierce"); GRICELA MENDOZA ("Mendoza"); BERNARD GERMANI (a.k.a. BERNIE GERMANI) ("Germani"); REBEKAH BROWN ("Brown"); MICHAEL C. JACKSON ("Jackson"); CYNTHIA LARA ("Lara"); F. MARTINEZ ("Martinez"); JENNY DE LEON ("Leon"); ELBA CHAVEZ ("Chavez"); and RYAN ALEXANDER URQUIZU ("Urquizu").

  F. "Person" means any natural person, any entity formed, existing or recognized under any body of law as a legal entity, and any unincorporated association or other organization including, but not limited to, any proprietorship, partnership, company, firm, corporation, joint venture, society, association, trust, or government agency or unit, and any other group or combination acting as an entity.

  G. "Plaintiff" means Plaintiff NATIONSTAR MORTGAGE LLC.

  H. "Permanent Receiver" means Robb Evans & Associates LLC.

  I. "Receivership Assets" means Assets of any and every kind whatsoever that are (1) owned, controlled, or held by or for the benefit of any of the Receivership Defendants and/or Defendant Soria, in whole or in part, (2) in the actual or constructive possession of any of the Receivership Defendants and/or

1  Defendant Soria, or other individual or entity acting in concert with any of the
2  Receivership Defendants and/or Defendant Soria, (3) held by an agent of any of the
3  Receivership Defendants and/or Defendant Soria, including as a retainer for the
4  agent's provision of services, or (4) owned, controlled, or held by, or in the actual or
5  constructive possession of, or otherwise held for the benefit of, any corporation,
6  partnership, trust, or other entity directly or indirectly owned or controlled in whole
7  or in part by any of the Receivership Defendants and/or Defendant Soria, including
8  Assets that have been transferred to other Persons but as to which Assets such
9  Persons do not have a legitimate claim.

10  J. "Receivership Defendants" means Defendants WEST H&A, LLC
11  ("West H&A"); WARRANTED EFFECTUATION OF SUBSTITUTE
12  TRANSFEREE INC, AKA W.E.S.T. Inc. ("Warranted"); WESTWOOD LEGAL
13  ("Westwood"); WESTWARD LEGAL ("Westward"); BRIGHTON LEGAL
14  GROUP, PC (a.k.a. BRIGHTON LEGAL TITLE CO. and BLG PC NATIONAL)
15  ("Brighton"); BLG PC NATIONAL BY BRIGHTON LEGAL GROUP, INC.
16  ("BLG"); DEUTSCHE MELLON NATIONAL ASSET, LLC (a.k.a.
17  INTEGRITITLE) ("Deutsche Mellon"); CHRISTIANA WILMINGTON GLOBAL
18  ASSET CORP. ("Christiana Wilmington"); HBSC US IN ITS CAPACITY AS
19  LEGAL TITLE HOLDER INCORPORATED ("HUCLTH"); CAMDEN LEGAL
20  GROUP, PC (d.b.a. HOMEOWNER HELP INITIATIVE) ("Camden"), and any
21  subsidiaries, affiliates, successors, and assigns of any of the foregoing, and any
22  fictitious business names created by or used by any of the foregoing, individually,
23  collectively, or in any combination.

24  **STIPULATION**

25  Plaintiff, and the Receivership Defendants, by and through the Permanent
26  Receiver, as a resolution of Plaintiff's claims against the Receivership Defendants,
27  hereby stipulate and agree as follows:
28  / / /

1  **WHEREAS**, the Complaint states a claim upon which relief can be granted
2  against the Receivership Defendants.
3  **WHEREAS**, the Complaint erroneously named as Defendant "HSBC US IN
4  ITS CAPACITY AS LEGAL TITLE HOLDER INCORPORATED" (Dkt. No. 1).
5  **WHEREAS**, Plaintiff filed a Notice of Errata Re: Misnomer Company Name
6  on April 25, 2018, correcting the erroneously named "HSBC US IN ITS
7  CAPACITY AS LEGAL TITLE HOLDER INCORPORATED" with the correct
8  entity name: "HBSC US IN ITS CAPACITY AS LEGAL TITLE HOLDER
9  INCORPORATED" (Dkt. No. 22).
10 **WHEREAS**, defaults have been entered against the Receivership Defendants
11 (Dkt. Nos. 82, 87-89).
12 **WHEREAS**, the Receivership Defendants waive the entry of findings of fact
13 and conclusions of law and consent to the entry of this Judgment and the
14 accompanying permanent injunction.
15 **WHEREAS**, the Permanent Receiver enters into this Stipulation in its
16 capacity as Permanent Receiver over the Receivership Defendants freely and
17 without coercion and further acknowledges that it has read the provisions of this
18 Judgment and is prepared and willing to abide by them.
19 The Receivership Defendants, by and through the Permanent Receiver's
20 counsel of record, and Plaintiff, by and through its counsel of record, **HEREBY**
21 **STIPULATE AND AGREE** to the entry of judgment and permanent injunction in
22 this action as follows:

### STIPULATED JUDGMENT

23
24 **NOW, THEREFORE,** it is hereby **ORDERED, ADJUDGED** and
25 **DECREED** that:
26 1. Judgment is entered in favor of Plaintiff and against the Receivership
27 Defendants, jointly and severally, on Plaintiff's Complaint in the amount of
28 $931,908.01.

2. Receivership Defendants and their successors, assigns, officers, servants, agents, employees and/or attorneys, and those persons in active concert or participation with any of the Receivership Defendants, including any other unnamed parties wholly or partially owned, contracted with, successors of, and/or assigns of the Receivership Defendants, are permanently enjoined from either directly or indirectly engaging in the following:

    a) Conducting any and all operations of Receivership Defendants, or of any and all other variations and business entities (known or unknown at this time).

    b) From engaging in any negotiations, business transactions, recordings, or further activities whatsoever related to the properties listed in **Exhibit 1**, or any other real property mortgages/loans.

    c) From engaging in any communications whatsoever (oral, written, or otherwise) with any borrowers on mortgage loans serviced and/or owned or invested in by Plaintiff.

    d) Misrepresenting, or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

        (1) That Receivership Defendants conducted any foreclosure or other sale, or that Receivership Defendants have any interest, lien, or right in any of the properties with mortgage loans that have been or are serviced, owned, and/or invested in by Plaintiff;

        (2) That Receivership Defendants were, are, or will be the trustee, assignee, successor, and/or any other entity or party to any Deed of Trust or mortgage that has been or is serviced, owned, and/or invested in by Plaintiff;

        (3) That any recorded Document is evidence of any interest, right, or lien by Receivership Defendants in any property with a Deed of Trust or mortgage that has been or is serviced, owned, and/or invested in by Plaintiff;

(4) That Receivership Defendants have any interest, lien, or right in any of the mortgage loans that have been or are serviced, owned, and/or invested in by Plaintiff;

(5) That Receivership Defendants own or could grant any interest or right in any of the properties with mortgage loans that have been or are serviced, owned, and/or invested in by Plaintiff;

(6) That borrowers on mortgage loans that have been or are serviced, owned, and/or invested in by Plaintiff should not make their mortgage payments to the true/prior lender;

(7) That Plaintiff, or Trusts for which Plaintiff is Trustee, do not have authority to foreclose on a mortgage;

(8) That borrowers on mortgage loans that have been or are serviced, owned, and/or invested in by Plaintiff should make their mortgage payments and/or any other payments to Receivership Defendants, or any person or entity acting on their behalf or at their direction;

(9) That borrowers on mortgage loans that have been or are serviced, owned, and/or invested in by Plaintiff owe any payments to Receivership Defendants, or any person or entity acting on their behalf or at their direction;

(10) That Receivership Defendants were able to, did, or could improve or otherwise affect any consumer's loan terms, or any extension or alteration of credit;

(11) That Receivership Defendants were able to, did, or could refinance, cancel, and/or refund (fully or partially) any borrower's loan;

(12) That Receivership Defendants were able to, did, or could offer, provide, and/or recommend any legal advice, services, and/or products, or that Receivership Defendants work on behalf of any attorneys or can provide any legal representation;

(13) Any claim that any Receivership Defendant or Receivership Defendants are or were a note holder, beneficiary, trustee, servicer of, and/or hold the original note of any mortgage or loan;

(14) That a borrower can avoid foreclosure; and

(15) That any Receivership Defendant is affiliated with, endorsed or approved by, or otherwise connected to any lender, beneficiary, bank, servicer, trustee, loan owner/investor, government entity, any federal homeowner relief or financial stability program, public, non-profit, or other non-commercial program, or any other program.

e) Any and all efforts to market, advertise, sell, or take any actions related to any properties listed in **Exhibit 1**;

f) Any and all efforts to create and/or alter any Documents intended to mimic any loan, financial, or other Documents related to any loan or mortgage serviced, owned, and/or invested in by Plaintiff at any time;

g) Any and all efforts to execute, draft, revise, stamp, and/or alter any Documents related to any loan or mortgage serviced, owned, and/or invested in by Plaintiff;

h) Any and all efforts to draft, prepare, execute, or take any action related to borrower complaints, borrower requests, alleged Qualified Written Requests, or any other Documents related to any loan or mortgage serviced, owned, and/or invested in by Plaintiff at any time;

i) Any and all efforts to falsify records and/or Documents in any manner;

j) Recording any Documents and/or instruments related to any loan or mortgage serviced, owned, and/or invested in by Plaintiff at any time;

k) Advertising or assisting others in advertising credit terms other than those terms that actually are or will be arranged or offered by a creditor or lender;

l) Utilizing, spending, selling, liquidating, assigning, transferring, converting, disbursing, gifting, conveying, encumbering, pledging, concealing,

and/or moving any Asset, money, and/or bank accounts maintained by any of the Receivership Defendants; and

    m) Any and all efforts to create, establish, register, and/or promote any new entities to perpetuate the fraudulent schemes described in Plaintiff's Complaint.

3. This injunction shall become the permanent order of this Court and shall survive this Judgment except as herein modified as follows:

    a. Nothing in this Judgment shall in any way prohibit or bar Soria from engaging in lawful business activities in the future provided such activities do not otherwise violate the terms of this Judgment;

    b. Receivership Defendants forever waive any and all claims they may now or forever have as to any Receivership Assets.

4. All of the Permanent Receiver's powers and duties (and all other receivership provisions) set forth in this Court's Order Entering Preliminary Injunction Against Defendants and Appointing a Permanent Receiver (Dkt. No. 46), as modified by this Court's Order Granting in Part and Denying in Part Ex Parte Application re Receiver Instructions, Fees, and Costs (Dkt. No. 191) and Order re Cost Sharing for Title Clearance Through the Receivership (Dkt. No. 335), remain in full force and effect.

5. The Permanent Receiver is hereby authorized, in the Permanent Receiver's discretion, to cause the Receivership Defendants to become terminated, cancelled, deactivated, and otherwise deregistered to do business in any state where they were previously registered to do business where necessary.

6. Nationstar shall not be responsible for the costs of the Permanent Receivership incurred after entry of this Judgment, except such costs as are incurred directly for the benefit of Nationstar for title clearance, or are reasonably necessary to discharge the Permanent Receiver and cause the Receivership Defendants to become terminated, cancelled, deactivated and/or otherwise deregistered.

/ / /

7. This Court shall retain jurisdiction for the enforcement of this Judgment and any other permanent order of the Court in this matter.

8. Within 90 days of the entry of this Judgment, the Permanent Receiver shall file with the Court a final report and accounting, request for fees and expenses, proposed distribution of remaining sums in the estate and its final motion to wind up the estate of the Receivership Defendants.

9. Nothing in this Judgment shall operate as a bar in any way (whether by *res judicata*, claim/issue preclusion, the primary right doctrine, the statute of limitations/delayed discovery, etc.) to further claims by Plaintiff against any of the Defendants as to any instrument, property, claim, or harm not expressly addressed in this Judgment. This is a material term of this Judgment that if stayed or determined to be invalid shall invalidate and void the entire Judgment and return this matter to the pre-judgment status quo.

10. Except as provided in paragraph 9, the provisions of this Judgment are separate and severable from one another. Except as provided in paragraph 9, if any provision is stayed or determined to be invalid, the remaining provisions shall remain in full force and effect.

**IT IS SO ORDERED,** this  21  day of  October , 2020;

_____
The Honorable Dale S. Fischer
United States District Judge

**STIPULATED AND AGREED:**

| | | |
|---|---|---|
| DATED: October 13, 2020 | | BARNES & THORNBURG LLP |
| | By: | */s/ Gary Owen Caris* |
| | | GARY OWEN CARIS |
| | | Attorneys for Permanent Receiver |
| | | ROBB EVANS & ASSOCIATES |
| DATED: October 13, 2020 | | HALL GRIFFIN LLP |
| | By: | */s Timothy A. Burnett* |
| | | Howard D. Hall |
| | | Timothy A. Burnett |
| | | Jane M. Kutepova |
| | | Attorneys for Plaintiff |
| | | NATIONSTAR MORTGAGE LLC |

|    | **Property Address** | **County** | **APN** |
|----|---|---|---|
| 1. | 690 Congress Street, Costa Mesa CA 92627 | Orange County, CA | 422-172-11 |
| 2. | 980 Erin Lane, Eatonville, WA 98328 | Pierce County, WA | 602320-002-0 |
| 3. | 1936 Cornelia Drive, Eustis, FL 32726 | Lake County, FL | 12-19-26-010000005500 |
| 4. | 15902 Blue Bonnet Drive, Parker, CO 80134 | Douglas County, CO | 0376948 |
| 5. | 1074 Vallejo Circle, Costa Mesa, CA 92626 | Orange County, CA | 412-052-17 |
| 6. | 915 Cottontail Lane, Anaheim, CA 92808 | Orange County, CA | 354-511-23 |
| 7. | 539 Patterson Avenue, Stratford, CT 06614 | Fairfield County, CT | STRA-005011-000008-000005 |
| 8. | 157 N. Catalina Street, Los Angeles, CA 90004 | Los Angeles County, CA | 5518-019-019 |
| 9. | 2513 W. Fulcrum Place, Anaheim, CA 92804 | Orange County, CA | 127-021-52 |
| 10. | 18771 Flagstaff Lane, Huntington Beach, CA 92646 | Orange County, CA | 157-433-17 |
| 11. | 1127 5th Street, Manhattan Beach, CA 90266 | Los Angeles County, CA | 4164-024-016 |
| 12. | 23722 Via Calzada, Mission Viejo, CA 92691 | Orange County, CA | 808-162-06 |
| 13. | 17806 Mountain Ranch Road, Granada Hills, CA 91344 | Los Angeles County, CA | 2601-067-004 |
| 14. | 1428 San Altos Place, Lemon Grove, CA 91945 | San Diego County, CA | 576-562-03-00 |
| 15. | 1525 Bergman Court, Brea, CA 92821 | Orange County, CA | 296-421-26 |
| 16. | 29861 Sienna Parkway, Mission Viejo, CA 92694 | Orange County, CA | 741-212-21 |
| 17. | 2110 West Hall Avenue, Santa Ana, CA 92704 | Orange County, CA | 412-395-01 |
| 18. | 4718 Cedros Ave, Sherman Oaks, CA 91403 | Los Angeles County, CA | 2265-003-026 |
| 19. | 29861 Quail Run Drive, Agoura Hills, CA 91301 | Los Angeles County, CA | 2053-031-071 |
| 20. | 16959 Summeroak Court, Fountain Valley, CA 92708 | Orange County, CA | 144-503-26 |
| 21. | 8400 De Longpre Avenue Unit 310, West Hollywood, CA 90069 | Los Angeles County, CA | 5554-023-056 |
| 22. | 1021 Hilda Street, Anaheim, CA 92806 | Orange County, CA | 253-402-04 |
| 23. | 3429 Oak Glen Drive, Los Angeles, CA 90068 | Los Angeles County, CA | 2425-021-023 |
| 24. | 4155 Mt. Vernon Drive, Los Angeles, CA 90008 | Los Angeles County, CA | 5011-003-012 |
| 25. | 20212 Via Medici, Los Angeles, CA 91326 | Los Angeles County | 2701-043-034 |
| 26. | 4731 Minstrel Drive, Palmdale, CA 93552 | Los Angeles County, CA | 3023-085-006 |
| 27. | 2028 W. Dahl Lane, Santa Ana, CA 92704 | Orange County, CA | 109-444-16 |
| 28. | 20163 Via Cellini, Northridge, CA 91326 | Los Angeles County, CA | 2701-039-022 |
| 29. | 121 Alcantar Circle, Sacramento, CA 95834 | Sacramento County, CA | 2225-1650-043-0000 |

| | | | |
|---|---|---|---|
| 30. | 30014 Via Victoria, Rancho Palos Verdes, CA 90275 | Los Angeles County, CA | 7582-016-035 |
| 31. | 2605 33rd Street, Santa Monica, CA 90405 | Los Angeles County, CA | 4270-018-006 |
| 32. | 1023 Hidden Valley Road, Soquel, CA 95073 | Santa Cruz County, CA | 102-331-16 |
| 33. | 225 Saint Elmo Circle, Las Vegas, NV 89123 | Clark County, NV | 177-16-701-050 |
| 34. | 11536 Fabiano Street, Las Vegas, NV 89183 | Clark County, NV | 191-04-611-020 |
| 35. | 8655 Appian Way, Los Angeles, CA 90046 | Los Angeles County, CA | 5562-010-010 |
| 36. | 625 Evers Street, Bridgeport, CT 06610 | Fairfield County, CT | 0023260 |
| 37. | 105 Hammaker Street, Thurmont, MD 21788 | Frederick County, MD | 15-346574 |
| 38. | 1013 Randall Way, Independence, OR 97351 | Polk County, OR | 563182 |
| 39. | 12017 Browns Canyon Road, Chatsworth, CA 91311 | Los Angeles County, CA | 2821-019-037 |
| 40. | 3435 N. Mooring Way, Coconut Grove, FL 33133 | Miami-Dade County, FL | 01-4128-007-0030 |
| 41. | 30 Celestine Circle, Ladera Ranch, CA 92694 | Orange County, CA | 741-102-06 |
| 42. | 1101 Los Carneros Avenue, Napa, CA 94559 | Napa County, CA | 047-220-001-000 |
| 43. | 24505 Peachland Avenue, Santa Clarita, CA 91321 | Los Angeles County, CA | 2830-028-028 |
| 44. | 1030 Pitchford, Tomball, TX 77375 | Harris County, TX | 035-288-000-0384 |
| 45. | 11344 Stonecress Aveue, Fountain Valley, CA 92708 | Orange County, CA | 144-071-06 |
| 46. | 8191 Dogwood Road, Germantown, TN 38139 | Shelby County, TN | G023100570 |
| 47. | 921 S. Lemon Street, Anaheim, CA 92805 | Orange County, CA | 251-051-21 |
| 48. | 21 Skyridge, Newport Coast, CA 92657 | Orange County, CA | 473-142-12 |
| 49. | 1892 Denison Street, Pomona, CA 91766 | Los Angeles County, CA | 8705-008-002 |
| 50. | 14025 Jefferson Avenue, Hawthorne, CA 90250 | Los Angeles County, CA | 4045-012-014 |
| 51. | 4151 E. Boston Avenue, Las Vegas, NV 89104 | Clark County, NV | 161-06-718-018 |
| 52. | 2028 Holmby Avenue, Los Angeles, CA 90025 | Los Angeles County, CA | 4317-011-003 |
| 53. | 2411 Loyd Drive, Corvallis, MT 59828 | Ravalli County, MT | 13-1666-34-4-01-08-0000 |
| 54. | 11715-11715 ½ Main Street, Los Angeles, CA 90061 | Los Angeles County, CA | 6087-012-018 |
| 55. | 1713 Queens Court, Los Angeles, CA 90069 | Los Angeles County, CA | 5558-021-017 |
| 56. | 5060 Inaglen Way, Los Angeles, CA 90043 | Los Angeles County, CA | 5010-010-037 |
| 57. | 10731 Fullbright Avenue, Chatsworth, CA 91311 | Los Angeles County, CA | 2707-004-024 |